**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1141

EDWARD GELIN; DEBORAH GELIN, as personal representatives of the Estate of Ashleigh Gelin, and for themselves,

Plaintiffs - Appellants,

v.

KYLE SHUMAN, individually and as an agent/employee of Baltimore County, Maryland; ROSELOR SAINT FLEUR, individually and as an agent/employee of Baltimore County, Maryland; VICTORIA TITUS, individually and as an agent/employee of Baltimore County, Maryland; JENNIFER SEVIER, individually and as an agent/employee of Baltimore County, Maryland; DIANE BAHR, individually and as an agent/employee of Baltimore County, Maryland,

Defendants - Appellees,

and

JAY R. FISHER, Sheriff of Baltimore County, individually and in his representative capacity; JOHN DOE 1-10; CORRECT CARE SOLUTIONS, LLC; BALTIMORE COUNTY, MARYLAND; JOHN AND JANE DOES, 1-8; MICHAEL SALISBURY, II, individually and in his official capacity; MICHELLE RAWLINS, individually and in her official capacity; NICHOLAS QUISGUARD, individually and in his official capacity; MYESHA WHITE, individually and in her official capacity; JOSEPH LUX, individually and his official capacity; GREGORY LIGHTNER, individually and in his official capacity; CARL LUCKETT, individually and in his official capacity; DEBORAH J. RICHARDSON, Director of Baltimore County Detention Center, individually and as an agent/employee of Baltimore County, Maryland,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge; Albert David Copperthite, Magistrate Judge. (1:16-cv-03694-ADC)

Submitted:  January 14, 2021                                    Decided:  January 26, 2021

Before THACKER and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Steven R. Freeman, Lee B. Rauch, FREEMAN RAUCH, LLC, Towson, Maryland, for Appellants.  Eric M. Rigatuso, Lauren E. Marini, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Gelin and Deborah Gelin (the "Gelins"), individually and as personal representatives of the Estate of Ashleigh Gelin, appeal from the district court's August 1, 2018 memorandum order granting Appellees' motions to dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(5), and from the magistrate judge's April 9, 2019 memorandum opinion and order denying the Gelins' Fed. R. Civ. P. 60(b) motion.[*] On January 31, 2020, the magistrate judge entered an order granting the Gelins' Fed. R. Civ. P. 54(b) motion and certifying the August 1, 2018 memorandum order and the April 9, 2019 memorandum opinion and order as a final judgment. Because the January 31, 2020 certification order entered pursuant to Rule 54(b) is deficient in two significant respects, we dismiss this appeal.

We have an independent duty to confirm that a Rule 54(b) certification is proper and that we may exercise appellate jurisdiction predicated thereon. *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1334-35 (4th Cir. 1993). We generally review a Rule 54(b) certification for abuse of discretion. *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010).

We have explained that "a Rule 54(b) certification involves two steps." *Braswell Shipyards, Inc.*, 2 F.3d at 1335. "First, the district court must determine whether the judgment is final." *Id.* A judgment is final for Rule 54(b) purposes when it constitutes "an

---

[*] After the district court entered the August 1, 2018 memorandum order, the parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* In determining whether there is no just reason for delaying the entry of judgment, we have instructed district courts to assess a number of factors. *Id.* at 1335-36. When conducting the two-step certification process under Rule 54(b), a district court is obliged to state the findings that support certification on the record or in the certification order. *Id.* at 1336.

In these proceedings, the magistrate judge's Rule 54(b) certification order is significantly deficient in two respects. First, the certification order does not contain an express determination that there is no just reason for delaying the entry of judgment. The language of Rule 54(b) and our precedent interpreting the Rule are clear, however, that the magistrate judge was required to make such an express determination before certification. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Braswell Shipyards, Inc.*, 2 F.3d at 1335 (ruling that district court "must determine" that there is no just reason for delaying entry of judgment). Second, contrary to our precedents, the certification order does not contain any findings or rationale in support of the Rule 54(b) certification. *See Culosi v. Bullock*, 596 F.3d 195, 203-04 (4th Cir. 2010); *Braswell Shipyards, Inc.*, 2 F.3d at 1336.

4

In light of the defects in the Rule 54(b) certification order, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*